UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2021 NOV 16 P 1: 10
... OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21 CR **21-CR-233** |
| | [18 U.S.C. §§ 1341, 1343, 1344, & 1957] |
| DAVID OSCAR BRAEGER, | |
| Defendant. | |

## INDICTMENT

### Background Allegations Common to Counts One through Three

**THE GRAND JURY CHARGES THAT:**

1. Beginning by at least September 6, 2016, and continuing through at least August 24, 2018, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

with intent to defraud, knowingly carried out a scheme related to the International Energy Fund ("IEF Scheme") to obtain money, funds, credits, assets, securities, and other property that were in the care, custody, and control of BMO Harris Bank by means of false and fraudulent pretenses, representations, promises, and omissions.

2. As part of the IEF scheme, on or about September 6, 2016, Braeger opened an Essential Business Checking Account in the name of the International Energy Fund, LLC at BMO Harris Bank (the "IEF Business Account").

3. When Braeger opened IEF's business account, he represented to BMO Harris Bank that any funds deposited in the account would not be used for personal, consumer, or household use.

4. Braeger purportedly formed IEF to invest in the start, completion, construction, and arbitration related to a geothermal energy plant in Uganda.

5. To solicit funds for the IEF scheme, Braeger distributed private placement memoranda ("PPM") to potential investors, including J.P.

6. The PPM that Braeger distributed to J.P. contained material misrepresentations about IEF's plan to utilize investors' funds for the specified Ugandan energy plant.

7. J.P. relied on Braeger's representations in the PPM, resulting in J.P. providing Braeger with a $100,000 check payable to IEF to be invested in the Ugandan energy plant.

8. On September 6, 2016, Braeger deposited J.P.'s $100,000 investment check into the IEF Business Account.

9. Throughout the time period of the IEF Scheme, BMO Harris Bank was insured by the Federal Deposit Insurance Corporation.

10. Throughout the time period of the IEF Scheme, Braeger resided in the Eastern District of Wisconsin.

## COUNT ONE
(Bank Fraud, 18 U.S.C. § 1344(2))

**THE GRAND JURY FURTHER CHARGES THAT:**

11. All of the allegations set forth in paragraphs 1-10 above are hereby incorporated in support of the following charge as if set forth here in full.

12. On or about September 9, 2016, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

in furtherance of the IEF Scheme and to obtain money, funds, credits, assets, securities, and other property that were in the care, custody, and control of BMO Harris Bank, knowingly transferred $10,000 of J.P.'s investment from the IEF Business Account into a Wells Fargo Bank account in the name of Private Equity Ventures.

13. In fact, Braeger used the Wells Fargo Private Equity Ventures account as a pass-through personal bank account.

14. After Braeger transferred $10,000 from the IEF Business Account to the Private Equity Ventures account, he fraudulently spent the money on personal expenses.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT TWO
(Bank Fraud, 18 U.S.C. § 1344(2))

**THE GRAND JURY FURTHER CHARGES THAT:**

15. All of the allegations set forth in paragraphs 1-10 above are hereby incorporated in support of the following charge as if set forth here in full.

16. On or about September 21, 2016, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

in furtherance of the IEF Scheme and to obtain money, funds, credits, assets, securities, and other property that were in the care, custody, and control of BMO Harris Bank, fraudulently withdrew $21,538.99 from the IEF Business Account to buy a personal vehicle, namely a Buick GMC Encore.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT THREE
(Bank Fraud, 18 U.S.C. § 1344(2))

**THE GRAND JURY FURTHER CHARGES THAT:**

17. All of the allegations set forth in paragraphs 1-10 above are hereby incorporated in support of the following charge as if set forth here in full.

18. On or about October 27, 2016, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

in furtherance of the IEF Scheme and to obtain money, funds, credits, assets, securities, and other property that were in the care, custody, and control of BMO Harris Bank, fraudulently issued a check for $3,000 to J.A. for the payment legal fees owed by Braeger in his personal capacity.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT FOUR
(Wire Fraud, 18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT:**

19. All of the allegations set forth in paragraphs 1-10 above are hereby incorporated in support of the following charge as if set forth here in full.

20. On or about August 24, 2018, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

for the purpose of executing, furthering, carrying out, and attempting to do so, the IEF scheme, knowingly sent an email from his Google-hosted account david.braeger@braegerfinancial.com to investor J.P., which caused the transmission of interstate wire communications, and was intended to continue the deception of J.P. regarding the status of his investment and reduce the likelihood of jeopardizing the IEF scheme.

All in violation of Title 18, United States Code, Section 1343.

## Background Allegations Common to Counts Five through Ten

**THE GRAND FURTHER JURY CHARGES THAT:**

21. Beginning by at least August 2017, and continuing through at least December 2018, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

with intent to defraud, devised, participated in, and carried out a scheme to defraud (the "Blue Star scheme"), which is described more fully below.

22. As part of the Blue Star scheme, Braeger formed Blue Star Automotive Fund, L.P., through which he offered and sold unregistered Limited Partnership Shares in an entity that was ostensibly formed as an investment vehicle to make loans to an Arizona-based auto dealer doing business as Onyx Motorsports.

23. To solicit investments in Blue Star from individuals, Braeger made false and misleading material statements and omissions in PPMs and email communications, which investors relied upon in providing funds to Braeger.

24. Instead of utilizing the investors' funds for the purposes that Braeger represented in the PPMs and emails, Braeger defrauded the investors by, among other things:

    a. making payments to other investors under the guise of legitimate investment returns, commonly referred to as Ponzi-scheme payments, which continued the Blue Star scheme by avoiding detection of fraudulently used funds;

    b. paying for personal expenses such as utilities, restaurant meals, retail shopping, and vehicles; and

c. investing in other personal business ventures unrelated to the PPM proposals for Blue Star, such as buying and operating the Silver Spring House restaurant in Glendale, Wisconsin.

25. Braeger's Blue Star Scheme included material omissions, namely, failing to disclose to the investors that Braeger used and intended to use the money that they invested to pay for his personal expenses, repay other investors, and make other unrelated investments.

26. During the period of the Blue Star Scheme, Braeger resided primarily in the Eastern District of Wisconsin.

27. Braeger's Blue Star Scheme was effectuated through a variety of federally insured banks, including BMO Harris Bank.

28. BMO Harris Bank's servers are located in Canada.

29. All of the transactions that constituted the execution of Braeger's scheme caused BMO Harris Bank to send wire communications between the Eastern District of Wisconsin and Canada, thus resulting in interstate and international wire communications.

30. As a result of the Blue Star scheme, Braeger fraudulently obtained, and attempted to obtain, over $5,500,000.

## COUNT FIVE
(Mail Fraud, 18 U.S.C. § 1341)

**THE GRAND JURY FURTHER CHARGES THAT:**

31. All of the allegations set forth in paragraphs 21-30 above are hereby incorporated in support of the following charge as if set forth here in full.

32. From on or about August 8, 2017, through on or about August 10, 2017, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

with the intent to defraud, knowingly devised and participated in, the above-described Blue Star scheme to obtain money and property by materially false and fraudulent pretenses, representations, promises, and omissions.

33. For the purpose of executing and attempting to execute the Blue Star scheme, Braeger knowingly caused to be delivered by a private and commercial interstate carrier, specifically by Federal Express, an investment check of $100,000 from R.G. in Fort Wayne, Indiana, to Braeger in Mequon, Wisconsin.

All in violation of Title 18, United States Code, Section 1341.

## COUNT SIX
(Wire Fraud, 18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT:**

34. All of the allegations set forth in paragraphs 21-30 above are hereby incorporated in support of the following charge as if set forth here in full.

35. On or about August 15, 2017, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

for the purpose of executing the Blue Star scheme and attempting to do so, knowingly caused to be purchased from the Blue Star Account at BMO Harris Bank a cashier's check in the amount of $66,500 payable to Bitterroot, LLC.

36. Braeger funded the cashier's check using R.G.'s $100,000 investment in Blue Star and used it to make a Ponzi-type payment to prior investor in Braeger's business ventures.

37. As part of the transaction, Braeger caused BMO Harris Bank to send interstate and international wire communications between the United States and Canada.

All in violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN and EIGHT
(Wire Fraud, 18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT:**

38. All of the allegations set forth in paragraphs 21-30 above are hereby incorporated in support of the following charge as if set forth here in full.

39. On or about the following dates, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID OSCAR BRAEGER,**

for the purpose of executing the Blue Star scheme and attempting to do so, knowingly withdrew funds from the Blue Star BMO Harris bank account, and in doing so caused BMO Harris Bank to send interstate and international wire communications between the United States and Canada.

| Count | Date | Amount |
|---|---|---|
| Seven | August 15, 2017 | $2,000 |
| Eight | August 17, 2017 | $7,000 |

Each in violation of Title 18, United States Code, Section 1343.

## COUNTS NINE and TEN
(Engaging in Unlawful Monetary Transactions, 18 U.S.C. § 1957)

**THE GRAND JURY FURTHER CHARGES THAT:**

40. Paragraphs 21-30 of the Indictment are realleged and incorporated here, and the following is further alleged.

41. On or about the dates listed below, in the State and Eastern District of Wisconsin,

**DAVID OSCAR BRAEGER**

engaged in each of the monetary transactions described below.

42. While engaging in each transaction, Braeger knew that the transaction involved criminally derived property.

43. Each transaction involved criminally derived property that had a value greater than $10,000.

44. The property involved in each transaction was derived from specified unlawful activity, namely, wire fraud and mail fraud committed in violation of Title 18, United States Code, Sections 1341 and 1343.

45. Each monetary transaction was committed through a financial institution and affected interstate commerce.

| Count | Date | Financial/Monetary Transaction |
|---|---|---|
| Nine | February 1, 2018 | Braeger caused a wire transfer for $11,613.94 to be sent from the Blue Star to the Chicago Auto Place for the purchase of a 1997 Porsche Boxster. |
| Ten | March 15, 2018 | Braeger caused a wire transfer in the amount of $11,930 to be sent from the Blue Star to Palm Desert Auto in California, for the purchase of a 1972 Porsche 914. |

Each in violation of Title 18, United States Code, Section 1957.

## FORFEITURE NOTICE

46. Upon conviction of one or more bank fraud offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts One, Two, and Three of this Indictment, Defendant David Oscar Braeger shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds that he obtained directly or indirectly as the result of the offense. The property to be forfeited includes, but is not limited to, the amount of proceeds that the defendant obtained from this offense.

47. Upon conviction of one or more wire or mail fraud offenses in violation of Title 18, United States Code, Sections 1341 or1343, as set forth in Counts Four through Seven of this Indictment, Defendant David Oscar Braeger shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds that he obtained directly or indirectly from the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offenses.

48. Upon conviction of one or more money laundering offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Eight and Nine of this Indictment, Defendant David Oscar Braeger shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to a sum of money equal to the value of the property involved in the offense.

49. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

[signature redacted]

FOREPERSON

Dated: 11/16/2021

*fw* [signature]
RICHARD G. FROHLING
Acting United States Attorney

14